**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION**

| | |
|---|---|
| JESSICA EVANS (SHREWSBURY), individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        -against-<br><br>FENTON & MCGARVEY LAW FIRM, P.S.C. and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff JESSICA EVANS (SHREWSBURY) (hereinafter, "Plaintiff"), a Colorado resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant FENTON & MCGARVEY LAW FIRM, P.S.C. and MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of herself and a class of similarly situated Colorado consumers seeking redress for Defendant's actions of using false, deceptive and misleading representations or means in connection with the collection of an alleged debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of Denver, Colorado, and is a "Consumer" as

defined by 15 U.S.C. §1692(a)(3).

9.  Defendant FENTON & MCGARVEY LAW FIRM, P.S.C. (F&M) is a collection law firm with its principal office and registered agent located at 2401 Stanley Gault Parkway, Louisville, KY 40223.

10. Upon information and belief, Defendant F&M is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant F&M is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. Defendant MIDLAND CREDIT MANAGEMENT, INC. (MCM) is a collection agency with its principal place of business located in the State of California.

13. Defendant, MCM acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. MCM operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Colorado via collection letters and phone calls. In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

14. Defendant MCM is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

15. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Colorado b) who were sent a collection letter from Defendant FENTON & MCGARVEY LAW FIRM, P.S.C. on behalf of Defendant MIDLAND CREDIT MANAGEMENT, INC. c) attempting to collect a consumer debt, d) that states "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" (e) where no interest, late charges or other charges were accruing (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692f.

19. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts

and legal theories.

20. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e and § 1692f.

    (c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter.

Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

25. Some time prior to September 6, 2016, an obligation was allegedly incurred to CITIBANK,

N.A./BEST BUY.

26. The CITIBANK, N.A./BEST BUY obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27. The alleged CITIBANK, N.A./BEST BUY obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

28. CITIBANK, N.A./BEST BUY is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

29. At some point prior to September 6, 2016, MCM or one of its affiliates purchased the defaulted CITIBANK, N.A./BEST BUY debt.

30. Defendant MCM contends that the CITIBANK, N.A./BEST BUY debt is past due.

31. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

32. MCM directly or through an intermediary contracted the Defendant F&M to collect the alleged debt.

33. On or about September 6, 2016, Defendant F&M caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged CITIBANK, N.A./BEST BUY debt on behalf of MCM. *See,* **Exhibit A.**

34. Upon information and belief, the September 6, 2016 letter was the first communication between the Defendant and Plaintiff regarding the CITIBANK, N.A./BEST BUY debt.

35. The September 6, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

36. The September 6, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

37. The Plaintiff received and read the Letter sometime after September 6, 2016.

38. The Letter stated in part:

> "Account Balance: $1,448.75"

39. The Letter further stated:

> "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

40. The Plaintiff, as would any least sophisticated consumer read the above statement and believed that the Defendant could potentially impose additional charges, even though that would never actually incur. *See e.g., Beauchamp v. Fin. Recovery Servs., Inc.,* No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011) (finding that a letter stating that the debt balance may increase could mislead the least sophisticated debtor into believing that additional charges or interest would accrue).

41. By inputting this language, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe that they have a financial incentive to pay this debt sooner, or risk owing a higher amount. Defendant further subjected the Plaintiff to an abusive debt collection practice, which she had a substantive right to be free from, and caused her to be uncertain as to the amount of money that she allegedly owed.

42. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15  U.S.C. §1692e *et seq.***

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46. The Defendants violated said section in its letter to the Plaintiff by:

    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

    b. Falsely misrepresenting the amount of the alleged debt in violation of 1692e(2)(A);

    c. Falsely threatening that the amount of the Plaintiff's alleged debt may increase, in violation of 1692e(5;

    d. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct    violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692g *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

49. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. Pursuant to 15 U.S.C. § 1692g(a)(1), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the amount of the debt.

51. Upon information and belief, the September 6, 2016 Collection Letter was the initial communication between Plaintiff and F&M, acting on behalf of MCM.

52. The September 6, 2016 Collection Letter failed to clearly and accurately state the amount of the Plaintiff's debt, where on one hand it stated that the amount owed was$1,448.75, but on the other hand stated that "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may

be greater" thereby leaving the Plaintiff unsure as the amount of her debt.

## **DEMAND FOR TRIAL BY JURY·**

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative and Plaintiff's Counsel as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees

and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated:  September 6, 2017

By:     /s/  Ari H. Marcus_____
Ari Marcus, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: ari@marcuszelman.com
*Attorneys for Plaintiff*

11